IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **MERCHANTS & FARMERS BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.11-2614-STA-tmp |
| | ) | |
| **D. CURTIS WEGENER,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT
AND DENYING DEFENDANT'S RULE 60(b) MOTION FOR RELIEF FROM
DEFAULT JUDGMENT**
_____

Before the Court are Defendant's Motion to Alter or Amend Judgment (D.E. # 14), filed on September 29, 2011, and Defendant's Rule 60(b) Motion for Relief from Default Judgment (D.E. # 15), also filed on September 29, 2011. For the following reasons, Defendant's Motion to Alter or Amend Judgment is **DENIED** and its Motion for Relief from Default Judgment is **DENIED**.

**BACKGROUND**

On July 19, 2011, Plaintiff filed its complaint against Defendant alleging that Defendant had failed to pay his sworn account to Plaintiff.[1] (Compl. ¶ 18.) Plaintiff also alleged that

---

[1] Tenn. Code Ann.§ 24-5-107 provides that

[a]n account on which action is brought, coming from another state or another county of this state, or from the county where suit is brought, with the affidavit of the plaintiff or its agent to its correctness, and the certificate of a state

1

Defendant had materially breached his Guaranty Agreements with Plaintiff. (Compl. ¶ 22.) There are four Guaranty Agreements involved in this case: Defendant's Guaranty Agreement as to all of the obligations of 200 Linden Avenue Properties G.P., the Guaranty Agreement as to all of the obligations of 5325 Summer Ave. Properties LLC, the Guaranty Agreement as to all of the obligations of 8700 Fletcher Creek Cove Properties, and the Guaranty Agreement as to all of the obligations of Hotel Development LLC. (Compl. ¶ 6-9.) Under these Guaranty Agreements, Defendant is obligated to pay all amounts due or owing on the underlying Merchants & Farmers Bank Loans.[2] (Compl. ¶ 11.)

Summons was returned executed on July 27, 2011 (D.E. # 7), but Defendant did not respond to Plaintiff's Complaint. Plaintiff moved for default judgment on September 12, 2011 (D.E. # 8), and when the Clerk denied that Motion, Plaintiff motioned for entry of default judgment on September 13, 2011 (D.E. # 10). The Clerk entered a notice of default on September 14, 2011, and the Court granted default judgment in the amount of $3,497,662.22 on

---

commissioner annexed thereto, or the certificate of a notary public with such notary public's official seal annexed thereto, or the certificate of a judge of the court of general sessions, with the certificate of the county clerk that such judge is an acting judge within the county, is conclusive against the party sought to be charged, unless that party on oath denies the account or except as allowed under subsection (b).

Subsection (b) states that "[t]he court shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have. Upon such denial, on the plaintiff's motion, or in the interest of justice, the judge shall continue the action to a date certain for trial." *Id.* § 24-5-107(b).

[2] In his Answer, which Defendant attached as an Exhibit to his Motion for Relief from Default Judgment, Defendant asserts that Plaintiff and Defendant entered into a settlement as to amount owed under the Guaranty Agreement relating to 200 Linden Avenue Properties G.P. on August 17, 2010.

September 16, 2011 (D.E. # 16.)  On September 29, 2011, Defendant filed the Motions currently before the Court.

The Court held a hearing on these Motions on November 10, 2011.  At the hearing, Defendant argued that Plaintiff's mistake in calculating the amount owed to Plaintiff was the only mistake that Defendant could present to the Court.  Defendant reiterated his desire to correct the amount owed, and he asserted that the amounts in the different settlement and bankruptcy agreements between the parties should be recognized.  When asked why he did not timely file an answer, Defendant stated that the answer was being prepared when the motion for entry of default judgment was filed, and the case was closed on the docket before he could file the answer.  Accordingly, Defendant asserted that his Motions should be granted.

In response, Plaintiff argued that the type of mistake alleged by Defendant was no reason to grant the relief requested under Rule 60.  Moreover, Plaintiff pointed out that Defendant did not state why his answer was not timely filed, and the Complaint, as well as the Motion for Entry of Default and the Motion for Default Judgment, included the amounts which Defendant owed Plaintiff.  Additionally, Plaintiff pointed out that the four agreements at issue are sworn account which, pursuant to Tenn. Code Ann. § 24-5-107(a), require a statement from the debtor under oath contesting the amount of money owed under the accounts.  Therefore, Plaintiff argued that Defendant's Motions should be denied.

## **RULE 60(b) MOTION FOR RELIEF FROM DEFAULT JUDGMENT**

Defendant filed this Motion (D.E. # 15) under Federal Rule of Civil Procedure 60(b)(1), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect."[3]  A Rule 60(b)(1) motion provides relief in only two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[4]  Here, the Court did not make a substantive mistake of law or fact in the final judgment, as this is a motion for relief from a default judgment.[5]  Thus, the Court will focus its evaluation on the first situation contemplated under Rule 60(b)(1): whether "a party has made an excusable mistake or an attorney has acted without authority."[6]  The Sixth Circuit has determined that "where a party seeks relief from a default judgment, Rule 60(b)(1) should be applied 'equitably and liberally . . . to achieve substantial justice.'"[7]

In deciding whether to grant relief, courts weigh three relevant factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense."[8]  In the Rule 60(b)(1)

---

[3] Fed. R. Civ. P. 60(b)(1).

[4] *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

[5] While an entry of default may be set aside for good cause shown under Federal Rule of Civil Procedure 55(c), "the rules are different . . . when an entry of default has ripened into a default judgment." *Psychopathic Records, Inc. v. Anderson*, No. 08-13407, 2010 WL 2510992, at *1 (E.D. Mich. June 17, 2010).  Thus, when considering a motion for relief from default judgment, courts "must consider the equitable factors first enunciated in *United Coin Meter* and determine whether the [defendant] has met the stricter requirements of Rule 60(b)." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

[6] *See id.*

[7] *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)).

[8] *Id.*

context, "culpability is framed by the specific language of the rule."[9] The party seeking relief must carry the burden of proving "mistake, inadvertence, surprise, or excusable neglect"—that is, of proving that the party is not culpable and that the default did not arise from his culpable conduct—before the party "will be permitted to demonstrate that he [or she] also can satisfy the other two factors."[10]

Here, Defendant focuses his arguments for relief from default judgment on Plaintiff's mistaken calculations of the amounts due under the judgment.[11] He states that "the 200 Linden debt" is the "subject of a consummated settlement agreement which controlled the amount owed" on that debt.[12] Defendant also states that the parties have entered into agreements "in principle for disposition of the Debtor's property with proceeds to be applied" to the indebtedness of the 5325 Summer Avenue debt and the Hotel Development debt.[13] The underlying obligors on the 5325 Summer Avenue debt and the Hotel Development debt are Chapter 11 debtors in the Bankruptcy Court for the Western District of Tennessee.[14] Therefore, Defendant requests for the Court to set aside default judgment "due to mistake in calculation of the amount of the judgment."[15]

---

[9] *Id.*

[10] *Id.*

[11] (Def.'s Mot. for Relief from Default J., D.E. # 15, at 2.)

[12] (*Id.* at 1.)

[13] (*Id.* at 2.)

[14] (*Id.* at 1-2.)

[15] (*Id.* at 2.)

Plaintiff argues that "Defendant has not set forth any basis under fact or law in his Motion that might begin to warrant the relief requested by Defendant in his Motion."[16] Plaintiff notes that Defendant "did not deny that he was served with a copy of the Complaint, that he failed to timely file any response to the Complaint, or that he was unaware of [Plaintiff's] motion for entry of default judgment."[17] Plaintiff states that Defendant's alleged mistake—that of Plaintiff's miscalculation of the sum owed by Defendant—does not affect Defendant's ability to timely file a response to Plaintiff's Complaint.[18]

The Court finds that the type of mistake asserted by Defendant, while a novel argument, is not the sort of mistake contemplated by Rule 60(b)(1). It is not a mistake regarding adequate notification of the proceedings[19] or the denial of a request for an extension of time.[20] Rather, the summons was returned executed as to Defendant on July 27, 2011, putting him on notice of the allegations against him. Defendant took no action until thirteen days after entry of the Order granting Plaintiff's Motion for Default Judgment. Defendant's Motion provides no reason for his failure to respond to the allegations in Plaintiff's Complaint, and the excuse presented at the

---

[16] (Pl.'s Resp. in Opp'n to Def.'s Rule 60(b) Mot., D.E. # 18, at 1.) Plaintiff also argues that Defendant's Motion "implicitly admits proper service and knowledge of the deadline to submit a response to [Plaintiff's] Complaint." (*Id.*) Nowhere in Defendant's three-page Motion does Defendant admit service of the Complaint, nor does Defendant mention the passage of any deadline. However, at the hearing, Defendant stated that his reason for not timely filing an Answer was that he was in the process of preparing it. Defendant would have had to receive a copy of the Complaint to be in the process of drafting an answer. Accordingly, the Court infers that Defendant was properly served with the Complaint.

[17] (*Id.* at 4.)

[18] (*Id.*)

[19] *See Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir. 2002).

[20] *See Williams*, 346 F.3d at 613-14.

hearing of preparing an answer is inadequate and insufficient. Therefore, the Court finds that Defendant has not carried his burden to demonstrate that the default was the result of a mistake. Because Defendant has not met his initial burden, the Court need not evaluate the second and third factors identified in *Williams*. Accordingly, Defendant's Motion for Relief from Default Judgment is **DENIED**.

## MOTION TO ALTER OR AMEND JUDGMENT

Defendant also requested the Court to alter or amend the default judgment against him (D.E. # 14). Federal Rule of Civil Procedure 59(e) requires a motion to alter or amend a judgment to "be filed no later than [twenty-eight] days after the entry of the judgment."[21] Here, Defendant has timely filed his Rule 59(e) Motion, as he filed it thirteen days after default judgment was ordered. According to the Sixth Circuit, "[m]otions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."[22] Normally, "a motion to alter or amend a judgment under Rule 59(e) allows a court to 'reconsider matters properly encompassed in a decision on the merits.'"[23] This reconsideration allows the court to "rectify its own mistakes in the period immediately following the entry of judgment."[24]

---

[21] Fed. R. Civ. P. 59(e).

[22] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

[23] *SPX Corp. v. Mastercool, U.S.A., Inc.*, No. 3:10-cv-1266, 2011 WL 3610094, at *1 (N.D. Ohio Aug. 17, 2011) (quoting *Ashburn v. Gen. Nutrition Ctrs.*, 533 F. Supp. 2d 770, 773 (N.D. Ohio 2008)).

[24] *White v. N.H. Dep't of Empt. Sec.*, 455 U.S. 445, 450 (1982).

In support of his Motion, Defendant argues that, in requesting a judgment in the amount of $3,497,662.22, "Plaintiff failed to give Defendant appropriate credit in computing the amount of default judgment as called for" in light of various bankruptcy and consummated settlement agreements limiting the amount owed.[25] Defendant states that Plaintiff and Defendant entered into a "consummated settlement agreement" as to the 200 Linden Avenue debt and that they had entered into an "agreement in principle" allowing proceeds from a Chapter 11 bankruptcy proceeding to be applied to the 5325 Summer Avenue and Hotel Development debts.[26] Defendant asserts that Plaintiff erroneously calculated the amount Defendant owes to Plaintiff because Plaintiff allegedly failed to consider the parties' settlement agreements and agreements in principle.

Plaintiff's Response is substantially similar to its Response to Defendant's Motion for Relief from Default Judgment.[27] Plaintiff focuses on Defendant's failure to deny that he was served with a copy of the Summons and Complaint and that Defendant failed to explain why he failed to file a response to the Complaint.[28] Moreover, Plaintiff notes that Defendant did not explain or address what effect Plaintiff's alleged mistake in calculating the sum owed by

---

[25] (Def.'s Mot. to Alter or Amend J., D.E. # 14, at 1-2.)

[26] (*Id.*)

[27] Plaintiff begins by erroneously citing Tennessee procedural law for the proposition that the standard of review under Federal Rules 59 and 60 are the same. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Alter or Amend J., D.E. # 19, at 2.) However, because this action is in federal court by virtue of diversity jurisdiction under 28 U.S.C. § 1332, the Court will apply federal procedural law and Tennessee substantive law. *See generally Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Under the Federal Rules of Civil Procedure, the standards of review for Motions filed under Rule 59 and Rule 60 differ, and the Court will review Defendant's Rule 59 Motion under the standard articulated above.

[28] (Pl.'s Resp. in Opp'n to Def.'s Mot. to Alter or Amend J., D.E. # 19, at 4.)

Defendant had on Defendant's ability to timely file a response to the Complaint.[29]  Plaintiff states that Defendant had notice of the amount of money asserted against him and had "multiple and ample opportunities to contest the amount owed,"[30] as exhibits to the Complaint and the Motion for Entry of Default Judgment contained affidavits of officials at Merchants & Farmers Bank stated the amount owed by Defendant.

At the hearing, Plaintiff also focused on Tenn. Code Ann. § 24-5-107(a), which provides that the amount of a sworn account is conclusive unless it is denied under oath in court or through a sworn statement.  After pointing out that Defendant has not submitted any sworn statements contesting the amount of the debt, Plaintiff asserted that Defendant should not be permitted to pay less than the amount stated in the Guaranty Agreements.

The Court finds that there has not been a clear error of law, an intervening change in controlling law, or newly discovered evidence meriting an alteration in the judgment entered in this case.  Accordingly, the only standard upon which Defendant's Motion could be granted would be prevention of  manifest injustice.  However, the enforcement of Tennessee's law regarding sworn accounts is not a manifest injustice; to the contrary, this Court's failure to enforce that law would be unjust.  Accordingly, the Court finds that Defendant has not met the requirements of Rule 59(e).  Thus, Defendant's Motion to Alter or Amend Judgment is **DENIED**.

## CONCLUSION

---

[29]     (*Id.*)

[30]     (*Id.* at 5.)

For the reasons set forth above, Defendant's Rule 60(b) Motion for Relief from Default Judgment is **DENIED**.  Defendant's Motion to Alter or Amend Judgment is also **DENIED**.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              UNITED STATES DISTRICT JUDGE

                                              Date: November 18, 2011.